It's too bad you had to sit through it all, but some of it might have been interesting to you. That's correct, Judge Ferris. There was some argument that's relevant in this case. If it pleases the Court, there are three independent reasons why my client should receive relief from deportation in this case. The first is that the government failed to prove by clear, convincing, and unequivocal evidence that Mr. Alvarez was convicted of a firearms offense. The second was that Mr. Alvarez did not receive the effective assistance of counsel and was therefore deprived of a fair hearing and due process rights. And the third is that Mr. Alvarez is entitled to 212C relief, even if this Court determines that he was convicted of a firearms offense. And I'd like to address these in turn, if it pleases the Court. The government alleged, in order to show cause, that Mr. Alvarez was convicted of a firearms offense. The only evidence that the government submitted at the immigration hearing to prove that Mr. Alvarez was convicted of a firearms offense was the abstract of judgment. Didn't they also introduce the information? The information was introduced in response to the petition for habeas corpus, but not at the immigration hearing. Okay. I don't think I realize that. All right. And the abstract of judgment states that Alvarez was convicted of Section 245A1 of the California Penal Code. Would your position be that we, can we consider both documents? I mean, I realize that they are inconsistent because one cites to, what is it, 245A1 and the other to 245A2. That's correct. My position is that the Court could not consider the information under the categorical approach that this Court has announced. Well, let's go to a more fundamental jurisdictional problem, and that is, has there been a waiver of this issue by virtue of the fact that it wasn't raised before the BIA? I don't believe there has been a waiver, Your Honor, because the issues or the evidence in support of this issue is undisputed, namely the abstract of judgment. The abstract of judgment, there's no dispute as to what it says. But the problem, counsel, is that as I read the transcript of the immigration judge proceeding, and I assume you were not representing the petitioner. That's correct. So we can blame it on the missing lawyer. When essentially the evidence came in without any objection at all by counsel, who basically acknowledged that it dealt with his client, but beyond that, raised no objection. That's correct, and that goes to our second point about the ineffective assistance of counsel. But before we get to that. What do we do with the state of the record where an exhibit is offered into evidence? At that point, if the defendant or, excuse me, the alien has a challenge to the sufficiency of the evidence, don't we normally expect counsel to state that objection so that the judge can either rule on the admission or the parties will have a chance to introduce further evidence to the Court? I think we do. I think that the normal expectation is that counsel will speak up and will address the evidence. Unfortunately, that didn't happen in this case. And was he represented by the same lawyer on appeal to the BIA? So that's why the issue never got raised. That's correct. So if we take the evidence as it was submitted to the Court, it states that he was convicted of 245A1, and it also states Assault W. Firearm. So you've got those two competing things. We have a finding in the face of silence, no objection. Immigration judge says, I find that you committed an offense involving a firearm, and on that basis I find that you are deportable. And that factual finding is not challenged. Well, our objection to that, Your Honor, is that the Court looked beyond what it should have looked at. What was his plea? Excuse me? What was his plea? He did not plea at the – I thought he plead guilty. No, he did not. He didn't challenge it, I guess, because it's – oh, that's right, because he was found guilty by jury trial. That's right, Your Honor. And stepping back to the categorical approach that this Court takes, it looks solely at the statutory language of the prior offense. Where the statutory language of the prior offense in this case – to the categorical approach, but we don't get to the categorical approach unless the issue is properly raised and has not been – and has been properly exhausted. And the problem I'm having even hearing the argument is that I don't know that we have jurisdiction to hear the claim in the face of complete silence. Let me address that, Your Honor, because I believe that the BIA opinion did address this issue. And in fact, what it did, the BIA opinion concluded that Alvarez was convicted of Section 245A2. Which is what the immigration judge had stated, did he not? No, the immigration – I find that you committed the offense involving a firearm, which is what A2 described. But the immigration judge stated that Alvarez was convicted of 245.1 as alleged in the order to show cause. The order to show cause does not allege a violation of 245A2. It alleges a violation of 245A1. So from the outset, the only thing that was alleged by the government was a violation of 245A1. And that the immigration judge concluded that that allegation had been proven. The BIA also reviewed that evidence and switched gears. It concluded that it wasn't a conviction of 245A1, it was a conviction of 245A2. Which is what he was charged with in the information, as we now know, because we have the information in the habeas proceedings. That's correct. Which we're reviewing here. Yes. So how is he prejudiced? How have constitutional rights been violated where the evidence shows that that was what he was charged with? But it doesn't show that that's what he was convicted of. And that's the difference. Because 245A1 is a lesser included offense of 245A2. I'm still hung up on the procedural posture that we're in, in the face of complete silence on the part of the petitioner. And a factual finding never challenged before the administrative agency. The best answer I can give to that, Your Honor, is that the BIA opinion did address this issue. It did. Well, I guess one way to describe it would be that the BIA corrected a typographical error in its disposition. But we don't. Which directly listed the same charge that he'd been charged with by information. But we can't say, Judge Tallman, whether that was a typographical error. Because nobody ever bought anybody's attention and objected to it. I mean, that's the whole reason for the exhaustion principle. Right. The BIA certainly could have corrected that. But it nonetheless looked at the evidence in the record and concluded that it was a violation of A2. Would you like us to grant, I guess at this point procedurally, we'd have to grant the writ of habeas corpus and remand this matter to the BIA so that the proceedings before the IJ can be reopened? I think that that is one appropriate way to handle this. But then the net result is the same result, right? Well, the net result is all the evidence that they should have introduced had an objection been made. And he's still going to get deported because he's been convicted of an offense involving a firearm. Well, that remains to be seen. Our position is that he wasn't convicted of an offense with a firearm. And that's an issue that could be opened in the BIA or in the immigration court for there to be a proper development of the record. That never happened in this case. And that's what leads into our second point, which is that the counsel that Alvarez had never raised this issue, which directly led to the judge's conclusion that the allegations of order to show cause had been proven. Again, now we've got another failure to exhaust problem. You didn't comply with matter of Lozada. We don't know what his trial lawyer was thinking when he failed to object. It might have been because he didn't have any defense to the fact that he had, in fact, been convicted of 244. Well, we don't know. And the problem is, is that my client was never able to develop that record. And so this court has held that Lozada factors aren't dispositive in every case. But the point that you cite to is a pretty clear, as I read our opinion in, is it, I can't remember the name of the case, but one of the cases I read for this argument. It was pretty clear in the factual record that the attorney had just completely engaged in misconduct and ineffective. The problem is here we don't know because there's no record. And in habeas, don't you have a burden to show affirmatively that there was? You're asking us to presume ineffectiveness and to excuse compliance with Lozada, but you've given us nothing other than the bald fact that there's a discrepancy in the charging that may or may not have a legitimate. Well, again, I'd return to my answer that the Board of Immigration Appeals did address this issue in the sense that it obviously was aware that there was a problem and actually corrected the immigration judge. It found that, no, look, this is a violation of Section A2, but it never stated what evidence it relied upon to reach that conclusion. And as far as. OK, now you're back to the first point. I want to talk about the claim of ineffectiveness in the face of a completely silent record. I mean, are you saying that we should excuse compliance with matter of Lozada because it must have been in effectiveness when that's not the only explanation that might attend here? I'm saying that where the ineffective assistance of counsel is plain from the administrative record, which I think it is here because it was the counsel's silence that led directly to the immigration judge's decision to deport Mr. Alvarez, that the Lozada factors should be excused. And, in fact, this Court has held in other cases that Lozada is not dispositive. So that is our position, yes. OK. Thank you. Thank you. I think that's it. I'm sorry you had to sit through the whole morning, but I'm glad you at least got a chance to talk to us. The case just argued is submitted. And, Rob, I guess if you could notify the department that their lawyer didn't show, I think they ought to at least know that we're not very happy about that. All right. We are adjourned until 9 o'clock tomorrow morning. All rise. This Court for this session stands adjourned. Thank you, sir.
judges: Farris, D.W. Nelson, Tallman